

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 07 2019

JAMES W. McCORMACK, CLERK
By,_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**SHAIBREAN HICKS, Individually and on**            **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.            Case No. 4:19-cv-99-KGB

**ALORICA AT HOME, LLC**            **DEFENDANT**

### ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Shaibrean Hicks ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Chris Burks and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Class and Collective Action against Defendant Alorica at Home, LLC ("Defendant"), does hereby state and allege as follows:

### I.    JURISDICTION AND VENUE

1.    This is a hybrid class and collective action bought by Plaintiff, individually and on behalf of other hourly-paid Work at Home agents employed by Defendant at any time within a three-year period preceding the filing hereof (the "others").

This case assigned to District Judge Baker
and to Magistrate Judge Kearney

2.    Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") (and some also move pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA")) for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs,

including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff and the others a lawful minimum wage for all hours worked.

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiff's claim under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this compliant. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendant conducts business within and without the State of Arkansas, employing agents to work from their homes in Arkansas, among other enterprises and call center locations.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

7. The acts alleged in this Complaint had their principal effect within the Western Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.   **THE PARTIES**

8. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. Plaintiff is an individual and resident and domiciliary of the State of Arkansas. She is employed by Defendant as an hourly-paid Work at Home agent.

10. At all times material herein, Plaintiff and the others have been entitled to the rights, protections and benefits provided under the FLSA.

11. At all times material herein, Plaintiff and the others have been entitled to the rights, protections and benefits provided under the AMWA.

12. At all times material herein, Plaintiff and the others have been classified by Defendants as non-exempt from the overtime requirements of the FLSA.

13. At all times material herein, Plaintiff and the others have been classified by Defendant as non-exempt from the overtime requirements of the AMWA.

14. Defendant is an "employer" within the meanings set forth in the FLSA and the AMWA and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

15. Defendant is a foreign limited liability company, registered to do business in Arkansas, with a principal address of 11808 Miracle Hills Drive, Omaha, Nebraska 68154, providing its clients with customer contact management services.

16. Defendant employs many hourly-paid Work at Home agents both in Arkansas and in other states.

17. Defendant has employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

18. Defendant's annual gross volume of sales is not less than $500,000.00.

19. Defendant's registered agent for service of process for the state of Arkansas is Corporation Service Company, 300 Spring Building, Suite 900, 300 South Spring Street, Little Rock, Arkansas 72201.

### III.   FACTUAL ALLEGATIONS

20. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

21. At all relevant times herein, Defendant was/is the "employer" of Plaintiff and the others within the meaning of the FLSA and the AMWA.

22. During the period relevant to this lawsuit, Plaintiff worked for Defendant from her home in Arkansas as an hourly-paid Work at Home agent.

23. At all relevant times herein, Defendant directly hired Plaintiff and the others to work as Work at Home agents, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

24. Since around November of 2017, Plaintiff has been employed by Defendant as an hourly-paid Work at Home agent.

25. Plaintiff and the others were/are classified by Defendant as non-exempt under the FLSA (and Arkansas Plaintiffs under the AMWA), and were/are paid an hourly rate.

26. At all relevant times herein, Defendant failed to accurately record all time worked by Plaintiff and the others and failed to properly compensate all of the off-the-clock hours.

27. At all relevant times herein pursuant to Defendant's common practice, Plaintiff and the others were/are required to work off the clock, including but not limited to, preparation for taking customer calls, completing paperwork and performing general tasks and computer system maintenance.

28. Further, Defendant has a policy of automatically clocking-out Work at Home agents after a certain number of minutes without a telephone call.

29. This automatic clock-out policy resulted in Plaintiff and the others not being paid for all hours worked because even when Plaintiff and those similarly situated were not talking on the phone for a period of time during their shifts, they were still engaged in work for Defendant, including but not limited to filling out information in the software systems, tracking data, and conversing with managers to convey important client queries.

30. Work performed by Plaintiff and the others prior to receiving pay included presenting themselves for work approximately fifteen (15) to thirty (30) minutes prior to their scheduled shift start times in order to have sufficient time to log in to Defendant's computer system and open all operating systems and

programs necessary to take the first customer call when the designated shift time began.

31. This required, pre-shift off-the-clock work occurred on a daily basis.

32. Even though the process of logging in and starting up Defendant's systems took as much as fifteen minutes, Defendant did not pay Plaintiff and the others for any work performed before being ready to take the first phone call.

33. The pre-shift and post-shift worked described above was in addition to the recorded hours of work performed by Plaintiff and the others during their regularly-scheduled shifts.

34. As such, there was/is a disparity between Defendant's records and Plaintiff's actual hours worked.

35. As a direct result of Defendant's policies, Plaintiff and the others were not compensated for all of their hours worked during the time period relevant to this Complaint.

36. At all relevant times herein, Defendant has deprived Plaintiff and the others of regular wages and overtime compensation for all of the hours over forty (40) per week.

37. In all, Plaintiff and the others worked up to five hours each week for Defendant for which they were not compensated.

38. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and the others violated the FLSA and AMWA.

## IV. REPRESENTATIVE ACTION ALLEGATIONS

### A. FLSA § 216(b) Class

39. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

40. Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated hourly-paid Work at Home agents at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A.    Minimum wages for the first forty (40) hours worked each week;

    B.    Overtime premiums for all hours worked for Defendant in excess of forty (40) hours in any week;

    C.    Liquidated damages; and

    D.    The costs of this action, including attorney's fees.

41. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will file shortly a Consent to Join this lawsuit.

42. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

43. The proposed class of opt-in plaintiffs in this case is defined as all persons who meet the following requirements:

    A.    They were employed by Defendant as hourly-paid Work at Home agents in all of Defendant's locations nationwide.

    B.    They were required to perform work off the clock.

44.    The proposed FLSA class members are similarly situated in that they share these traits:

    A.    They were classified by Defendant as non-exempt from the minimum wage and overtime requirements of the FLSA;

    B.    They performed the same or similar job duties;

    C.    They recorded their time in the same manner;

    D.    They were subject to Defendant's common practice requiring hourly-paid Work at Home agents to perform pre-shift, non-call time and post-shift work for which they were not paid;

    E.    They were subject to Defendant's common practice of paying hourly workers for their working hours recorded by Defendant's time clock and/or allowed by Defendant rather than their hours actually worked.

45.    Plaintiff is unable to state the exact number of the class but believes that the class is not less than forty (40) persons.

46.    Defendant can readily identify the members of the Section 16(b) class, which encompasses all hourly-paid Work at Home agents.

47.    The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via text message, first class mail or email to their last known physical and electronic

mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### B.     AMWA Rule 23 Class

48. Plaintiff, individually and on behalf of the others who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the FRCP.

49. Plaintiff proposes to represent the class of hourly-paid Work at Home agents who are/were employed by Defendant within the relevant time period within the State of Arkansas.

50. Common questions of law and fact relate to all members of the proposed class, such as whether Defendant paid the members of the proposed class for all hours worked, including minimum wage and overtime in accordance with the AMWA.

51. Common questions of law and fact predominate over any questions affecting only the named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

52. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious

and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

53.     Plaintiff is unable to state the exact number of the members of the AMWA class but believes that the class exceeds forty (40) persons. Therefore, the class is so numerous that joinder of all members is impracticable.

54.     At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

55.     Concentrating the litigation in this forum is highly desirable because Defendant does business in the Eastern District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

56.     No difficulties are likely to be encountered in the management of this class action.

57.     The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as an hourly-paid Work at Home agents for Defendant and experienced the same violations of the AMWA that all other class members suffered.

58.     Plaintiff and her counsel will fairly and adequately protect the interests of the class.

59.     Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

60. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## V.   FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

61. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

62. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

63. At all relevant times, Defendant has been, and continues to be, Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

64. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

65. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times (1.5) regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

66. Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

67. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff for all hours worked, including an overtime rate of one and one-half (1.5) times their regular rate of pay for all hours worked over forty (40) in each one-week period.

68. Defendant's failure to pay Plaintiff all wages owed was willful.

69. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

70. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

71. Plaintiff, individually and on behalf of the others, asserts this claim for damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

72. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and the others within the meaning of the FLSA, 29 U.S.C. § 203.

73. Defendant classified Plaintiff and the others as non-exempt from the overtime requirements of the FLSA.

74. Despite the entitlement of Plaintiff and the others to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff and the others for all hours worked, including an overtime rate of 1.5 times their regular rates of pay for all hours worked over forty (40) in each one-week period.

75. Because these employees are similarly situated to Plaintiff, and are owed wages for the same reasons, the proposed collective is properly defined as follows:

**All hourly-paid Work at Home agents within the past three (3) years.**

76. Defendant willfully failed to pay all wages to Plaintiff and to the others.

77. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the others for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### VII.   THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

78. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

79. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA.

80. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA.

81. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times (1.5) regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

82. At all times relevant to this Complaint, Defendant classified Plaintiff as non-exempt from the overtime requirements of the AMWA.

83. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

84. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

85. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior hereto, plus periods of equitable tolling.

86. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

87. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

88. Plaintiff, individually and on behalf of the others, asserts this claim for damages and declaratory relief pursuant to the AMWA.

89. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and the others within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

90. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

91. Defendant classified Plaintiff and the others as non-exempt from the overtime requirements of the AMWA.

92. Despite the entitlement of Plaintiff and the others to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff and the others a lawful minimum wage and an overtime rate of one and one-half (1.5) times their regular rates of pay for all hours worked over forty (40) in each one-week period.

93. Plaintiff proposes to represent the AMWA liability class of individuals defined as follows:

**All hourly-paid Arkansas Work at Home agents within the past three (3) years.**

94. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

95. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

96. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Shaibrean Hicks, individually on behalf of herself and the others, respectfully prays that Defendant be summoned to appear and answer herein and for declaratory relief and damages as follows:

A. That Defendant be required to account to Plaintiff, the class and collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

B. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.*;

C. A declaratory judgment that Defendant's practices alleged herein violate the AMWA and the related regulations;

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E. Judgment for damages for all unpaid minimum wage and overtime compensation under the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.;*

F. Judgment for damages for all unpaid minimum wage and overtime compensation under the AMWA and the related regulations;

G.  Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid minimum wages and overtime compensation owed to Plaintiff and members of the collective and class members during the applicable statutory period;

H.  Judgment for liquidated damages pursuant to the AMWA and the relating regulations;

I.  An order directing Defendant to pay Plaintiff and members of the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

J.  Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**SHAIBREAN HICKS, Individually and On Behalf of All Those Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

_____
Chris Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com